of it is by application to a judge of the court, under § 247. The order of special term should be reversed, and the judgment set aside with $10 costs of appeal.

### SAME agt. SAME.

Same facts, except that the affidavit of verification omits the clause in parenthesis in the affidavit in the foregoing case. Same order as in the other case.

---

## SUPREME COURT.

### EMMA L. UNDERHILL agt. SAMUEL G. TRIPP and others.

*Construction of clauses in a will.—Personal property* may be bequeathed *for life,* and then over, either absolutely or contingently.

A bequest by the testator to his daughter of $1,000, and then declares that this bequest is given to make his daughter equal with his other children who had been advanced; and after a residuary devise of all the residue of his real and personal estate, he says the bequest (of $1,000) which he has given to his said daughter, ''she is to have and to hold during the term of her *natural life,* and at her decease is to be equally divided among her children,''

*Held,* that this last clause cut down the legacy of the daughter to a *life estate* or *usufructuary interest*; and that her *children* would take as *purchasers* on her death.

*Dutchess Special Term, January,* 1861.

AN action involving the construction of a will.

EMOTT, Justice. If this will and codicil contained an absolute bequest of one thousand dollars to the plaintiff in perpetuity, any directions or limitations inconsistent with such ownership would be void. This is the doctrine of numerous cases, among which are *Bradley* agt. *Peixotto,* (3 *Ves.,* 324,) and *Newton* agt. *Reid,* (4 *Sim.,* 141.) So if there were an absolute bequest in one part of the will, and an imperfectly expressed intention in a subsequent part that the legatee should take for life only, the plain language will not be cut down by the uncertain words in the residue.